J. O. NESSEN LUMBER CO. *v.* RAY H. BENNETT LUMBER CO.

1. GARNISHMENT — "CUSTODY AND CONTROL" SYNONYMOUS WITH "POSSESSION."

Where defendant in garnishment proceedings had purchased lumber from the garnishee, and paid for it, and the title had passed but the lumber was left piled on

garnishee's dock, the lumber was under garnishee's "custody and control," within the meaning of 3 Comp. Laws 1915, § 13122, under which the writ was issued, in view of other sections (13128, 13129, 13153) indicating that the legislature treated said words as synonymous with "possession."

2. SAME—"CUSTODY AND CONTROL"—TEST.
   In determining whether property is within garnishee's custody and control so as to be subject to garnishee process, the usual test is whether the defendant might have maintained an action to recover the property from the garnishee had the latter refused to allow defendant to take it.

Certiorari to Baraga; O'Brien (Patrick H.), J. Submitted April 5, 1923. (Docket No. 35.) Decided June 4, 1923.

Garnishment proceedings by the J. O. Nessen Lumber Company against the Ray H. Bennett Lumber Company, Inc., principal, and Charles Hebard & Sons, Inc., garnishee defendant. From an order denying a motion to dismiss, the principal defendant brings certiorari. Affirmed.

*Swaby L. Lawton,* for appellant.

*H. C. Schulte,* for appellee.

SHARPE, J. The plaintiff began suit in the Baraga circuit court against the principal defendant and secured service of process on the garnishee defendant. All are foreign corporations. The principal defendant was not served. It filed a plea of the general issue and moved to dismiss, claiming that the garnishee had no property of the principal defendant "in its hands and under its custody and control" as stated in the affidavit on which the writ of garnishment issued. Proofs were taken and the motion denied. The facts were stipulated and are as follows:

On September 26, 1919, the Bennett Company entered into a contract with Hebard & Sons for the purchase of all the hemlock lumber it would cut for the balance of that season at prices agreed upon. All lumber not shipped before the close of navigation was to be inspected and paid for and left piled on a dock on Hebard's premises for loading the following spring. 2,739,000 feet were cut, piled on the dock and paid for by the Bennett Company.

"The contract between Hebard and the Bennett Company for the sale of the lumber was fulfilled, an unconditional title of the lumber passed to the Bennett Company, and the Bennett Company had the lumber insured against loss or damage by fire. The Bennett Company was about (within a day or two) to load lumber on boats for shipment, when the above garnishee proceedings were instituted."

The question presented is, Was this lumber in the custody and under the control of Hebard & Sons so as to subject it to garnishee process? The words "under his custody or control" are used in section 13122, 3 Comp. Laws 1915, under which the writ issued. Other sections which follow (13128, 13129, 13153) indicate that the legislature treated these words as synonymous with "in his possession." This court also appears to have done so in *Ruhl* v. *Ruoff Brewing Co.*, 113 Mich. 291, as does Mr. Rood in his work on Garnishment, § 44. The justices' court statute also does so (§ 14361 *et seq.*).

While title to the lumber had passed to the Bennett Company and they had a right to remove it without hindrance from Hebard & Sons, it was still in the custody and under the control (in the possession) of the latter. The usual test is whether the defendant might have maintained an action to recover the property from the garnishee. The Bennett Company clearly might have done so had Hebard & Sons refused

to permit it to take the lumber. It was on the dock of the latter and in its possession. The motion to dismiss was properly denied.

The writ of certiorari issued to review the proceeding is dismissed, with costs to appellee.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.