ALVIN R. DURHAM CO. *v.* CHICAGO & NORTHWESTERN
RAILWAY CO.

GARNISHMENT—CUSTODY AND CONTROL—CARRIERS—UNIFORM BILL
OF LADING.

> Under section 5 of the uniform bill of lading, and the con-
> struction given same by the Federal courts, the return
> of a railroad company, as garnishee defendant of the
> principal defendant, denying that it had any property in
> its possession or under its custody or control belonging to
> the principal defendant, was not true, as a matter of law,
> where the garnishee summons was served within 48 hours
> after the arrival of an interstate shipment of apples con-
> signed to the principal defendant, only part of which had
> been unloaded when the summons was served, notwith-
> standing the fact that the consignee had paid the draft
> attached to the bill of lading and the freight charges.

Error to Gogebic; Driscoll (George O.), J. Sub-
mitted June 5, 1923. (Docket No. 7.) Decided
October 1, 1923. Rehearing denied December 20, 1923.

Garnishment proceedings by Alvin R. Durham
Company against the Chicago & Northwestern Railway
Company, garnishee defendant of Fred S. Larson.
Judgment for defendants. Plaintiff brings error.
Reversed.

*Solomon W. Patek* (*Julius J. Patek* and *Myron H.
Walker*, of counsel), for appellant.

*Frank A. Bell*, for appellees.

BIRD, J. Plaintiff had a judgment against the
principal defendant of $1,099. On October 7, 1921,
an interstate shipment of apples arrived in Ironwood
over garnishee defendant's line, consigned to Larson,

On liability of carriers to garnishment as to property held for
transportation, see notes in 28 L. R. A. 601; L. R. A. 1916E, 452.

the principal defendant.    The next morning Larson
paid the draft attached to the bill of lading, paid the
freight charges, and the car was opened and he com-
menced unloading the apples at 8:20 a. m.    At 9:45
a circuit court garnishee summons was served on the
railway company.    At this time about one-quarter of
the apples had been taken from the car.    The railway
company made no effort to stop further delivery, and
answered the garnishee summons by denying that it
had any property in its possession, or under its
custody or control, belonging to Larson.    The plain-
tiff was not content with this return and followed the
practice provided by the statute for making the truth
of the return an issue.    A jury was impaneled but
it was finally agreed that the question was one of law
and that the trial court might determine it.    The
trial court was of the opinion that the railway com-
pany had done everything it could to make a delivery
of the apples and, therefore, held the return was true
at the time the summons was served upon it.

It is the contention of plaintiff that the trial court
was in error.    That perforce of section 5 of the bill
of lading the railway, as a carrier, continues for 48
hours after the consignee has notice of its arrival, and
that inasmuch as the garnishee summons was served
before the expiration of that time the garnishee de-
fendant did have in its possession and under its
custody and control property belonging to the prin-
cipal defendant.    The question as to whether the
garnishee defendant did have in its possession and
under its custody and control property belonging to
the consignee is the question before us for solution.

Section 5 of the uniform bill of lading prescribed
for interstate shipments provides that:

"SECTION 5. Property not removed by the party en-
titled to receive it within forty-eight hours (exclusive
of legal holidays) after notice of its arrival has been

duly sent or given may be kept in car, depot, or place of delivery of the carrier, or warehouse, subject to a reasonable charge for storage and to carrier's responsibility as warehouseman only, or may be, at the option of the carrier, removed to and stored in a public or licensed warehouse at the cost of the owner and there held at the owners' risk and without liability on the part of the carrier, and subject to a lien for all freight and other lawful charges, including a reasonable charge for storage.

"The carrier may make a reasonable charge for the detention of any vessel or car, or for the use of tracks after the car has been held forty-eight hours (exclusive of legal holidays), for loading or unloading, and may add such charge to all other charges hereunder and hold such property subject to a lien therefor.   Nothing in this section shall be construed as lessening the time allowed by law or as setting aside any local rule affecting car service or storage."   *   *   *

This section has recently been construed under similar conditions in the case of *Michigan Cent. R. Co.* v. *Owen*, 256 U. S. 427 (41 Sup. Ct. 554).   The question in that case was whether the carrier was liable for certain grapes stolen from the car after the freight charges were paid and the consignee had taken out a portion of them and before the 48 hours had expired.   The opinion of Mr. Justice McKenna defines, with much clearness, the relation of the company to the grapes during the 48-hour period.   The important part of the opinion follows:

"By recurring to section 5 of the bill of lading, it will be seen that it supposes a contingency and provides for its occurrence.   It supposes that property may not be removed when it has reached destination, and is available for delivery, and two periods of time are provided for.   One of 48 hours after notice of the arrival of the property has been sent or given. During this time there is no declaration of the relation of the railroad company to the property.   The other period commences at the expiration of the first or

48-hour period, during which the provision is that the property is subject 'to carrier's responsibility as warehouseman only.' The comparison has its significance and must be accounted for. Realizing this, the railroad company makes a distinction. Its contention is that where delivery has been made on the property as it insists was true, in the case at bar, the responsibility of the railroad company as carrier immediately ceases. If, however, it is neither delivered nor removed within 48 hours after notice of its arrival, the responsibility of the railroad company thereafter is that of 'warehouseman only.'

"To the distinction and the contention based upon it, the supreme court of the State answered that the bill of lading provides for property 'not removed'—not to property 'delivered' or 'not delivered,' and it must be taken at its word.

"The answer puts too much emphasis upon the distinction between property removed and property delivered. The property here was not delivered; access was only given to it that it might be removed, and 48 hours were given for the purpose. Pending that time it was within the custody of the railroad company, the company having the same relation to it that the company acquired by its receipt and had during its transportation.

"The bill of lading is definite, as we have pointed out, in its provisions and of the time at which responsibility of the company shall be that of warehouseman, and by necessary implication, therefore, until that responsibility attaches, that of carrier exists."

Counsel for the garnishee defendant has filed a persuasive brief in which he urges the point that the railway had done everything it could to make a delivery of the apples to the principal defendant before the summons was served on it. This argument appeals to us, but the Federal court construction of section 5 and our own case of *Nessen Lumber Co.* v. *Bennett Lumber Co.*, 223 Mich. 349, forbid our making those facts conclusive of the question of custody and control. It is pointed out in the Federal case cited that the

contract between the parties continues the railway company as a carrier for 48 hours after notice is given to the consignee of its arrival as to the property not already removed within that time.   If the position of the railway be that of carrier during the 48-hour period it must follow that it is, during that time, liable as a carrier.   If the railway company be liable as carrier it must also follow that the apples remaining in the car before the expiration of that period are within the custody, control and possession of the carrier.   We are impressed that under the foregoing construction of section 5 we must hold that defendant railway had property in its custody and under its control belonging to the principal defendant when the summons was served.

The judgment of the trial court is reversed and a new trial granted, with costs to the plaintiff.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.