ALVIN R. DURHAM CO. *v.* CHICAGO & NORTHWESTERN
RAILWAY CO.

Garnishment — Railway Company Not in Possession After
Draft and Freight Charges are Paid and Unloading Begun.
A railroad company was not in possession of a car load
of apples so as to be subject to a writ of garnishment
issued at the instance of a judgment creditor of the con-
signee, where, at the time the writ was served, the con-
signee had paid the draft and freight charges and had
unloaded part of the apples, although the writ was served
within 48 hours after notice had been given of the arrival
of the apples.

Error to Gogebic; Driscoll (George O.), J.    Sub-
mitted December 3, 1924.    (Docket No. 77.)    De-
cided December 31, 1924.    Submitted on rehearing
February 4, 1927.    Former opinion reversed June 9,
1927.

Garnishment proceedings by Alvin R. Durham Com-
pany against the Chicago & Northwestern Railway
Company, garnishee defendant of Fred S. Larson.
Judgment for plaintiff on a directed verdict.    Defend-
ants bring error.    Reversed.

*Frank A. Bell* (*R. N. Van Doren,* of counsel), for
appellants.

*Solomon W. Patek* (*Julius J. Patek* and *Myron H.
Walker,* of counsel), for appellee.

Garnishment, 28 C. J. § 47.
239—Mich.—26.

## ON REHEARING.

BIRD, J. A car load of apples was shipped from a point in the lower peninsula of Michigan to Ironwood, in the upper peninsula. In transit it passed through a part of the State of Wisconsin, thereby making it an interstate shipment. Fred S. Larson was the consignee. Plaintiff had a judgment against him and took out a writ of garnishment and served it on the railway company. The company answered that it had no property in its custody or under its control belonging to Larson. At the moment when the writ of garnishment was served defendant Larson had paid the draft and freight charges and had unloaded a few of the apples. Plaintiff, being dissatisfied with the disclosure, demanded an issue as to whether the disclosure was true. The issue was tried by the court, and it decided the issue in favor of the railway. The matter then came to this court on the issue as to whether, under the circumstances related, the railway had under its custody or control property belonging to the consignee. In testing the question of possession and control, we held, under the authority of the case of *Michigan Cent. R. Co.* v. *Owen,* 256 U. S. 427 (41 Sup. Ct. 554), that the railway did have property of the consignee under its control and custody (224 Mich. 477). The case was then remanded to the trial court, a retrial was had and a judgment rendered for plaintiff. This judgment was later affirmed by this court (229 Mich. 468).

The *Owen Case* was an interstate shipment of grapes to the city of Chicago. Like the apples, they had been turned over to the consignee and partially unloaded. Over night the balance of the grapes was stolen. The consignee sued the railway company and the company sought to avoid liability on the ground that it had delivered them to the consignee, and that it was his loss. The case was begun and carried

through the State courts of Illinois, and finally reached the Supreme Court of the United States. That court held that the railway was liable for the grapes which had been stolen, under section 5 of the uniform bill of lading. It held the carrier was liable *as carrier* for 48 hours after notice of arrival, and afterwards as warehouseman.

The question before us in the present case being the same, namely: one of possession or control by the railway, we were guided by the *Owen Case,* as the writ of garnishment was served within the 48-hour period. Our conclusion was removed to the Federal Supreme Court, and it has reversed and remanded it, with the claim that the case was distinguishable from the *Owen Case* (*Chicago, etc., R. Co.* v. *Durham Co.,* 271 U. S. 251 [46 Sup. Ct. 509]). The matter is before us again on rehearing. We were all of the opinion when the original opinion was written that the railway was right in its contention except for the holding in the *Owen Case.* That case having been eliminated as an authority by the Supreme Court of the United States, and the case of *Nessen Lumber Co.* v. *Bennett Lumber Co.,* 223 Mich. 349, having been examined and distinguished, we are all agreed that the second judgment of the trial court should be reversed, with costs of this court to the defendants.

Sharpe, C. J., and Snow, Steere, Fellows, Wiest, Clark, and McDonald, JJ., concurred.