### WEBSTER *v.* BENNETT.

GARNISHMENT—PROCESS—SERVICE BY PERSON OTHER THAN OFFICER IN COUNTY OF SUIT INVALID.

> Under 3 Comp. Laws 1915, § 13122, person of suitable age and discretion, who is not a sheriff or deputy sheriff or person specially deputized, may not make valid service of writ of garnishment within county of suit, notwithstanding section 13157 permits such service on defendants resident outside county of suit, and section 12425 provides that all civil process, at law or in equity, issued from any court of record, except process requiring arrest of any person, or seizure of property, may be served by any person of suitable age and discretion.

WIEST, CLARK, and SHARPE, JJ., dissenting.

Error to Wayne; Lamb (Fred S.), J., presiding. Submitted April 4, 1929. (Docket No. 48, Calendar No. 34,241.)   Decided September 4, 1929.

Garnishment proceedings by Amos G. Webster and another against John Bennett, principal defendant, on a judgment. From an order quashing the proceedings, plaintiffs bring error. Affirmed.

*Wallace Visscher* (*Chester J. Morse*, of counsel), for plaintiffs.

*Harry J. Lippman,* for defendant.

POTTER, J.   Plaintiffs recovered judgment against defendant for $915 and costs. A writ of garnishment was issued against several garnishee defendants. Service of the writ of garnishment was made by a person of suitable age and discretion, not an officer. The garnishee defendants appeared and disclosed. The principal defendant made a motion to quash the garnishee proceedings because the writ of garnishment was not properly served. This motion was granted and plaintiffs bring error. The only question involved is thus stated by appellants:

"May a person of suitable age and discretion, who is not a sheriff or deputy sheriff nor a person specially deputized by the court, make valid service of a writ of garnishment issued out of a court of record in this State?"

3 Comp. Laws 1915, § 13122, provides that writs of garnishment from courts of record served within the county where the principal suit is brought, shall be directed to the sheriff "commanding said sheriff to summon such person."

3 Comp. Laws 1915, § 13157, applying to the service of writs of garnishment on garnishee defendants resident outside the county where the principal suit is commenced, provides such writs "may be served by any competent person."

3 Comp. Laws 1915, § 12425, provides:

"SEC. 22. All civil process at law, or in equity, issued from any court of record, except process requiring the arrest of any person, or the seizure of property, may be served by any person of suitable age and discretion."

Process requiring the arrest of any person · is process that commands restraint of the person (*Hart* v. *Flynn's Executors*, 8 Dana [38 Ky.], 190), such as a *capias ad respondendum.* Seizure of property is a taking of such property into possession, exercising dominion or control of it, excluding others from its possession. 35 Cyc. p. 1372; Bouvier's Law Dict. title "Seizure." The writ of garnishment is not now, nor has it ever been civil process requiring either the arrest of any person or the seizure of property. It is civil process at law not included in the exceptions specifically mentioned in 3 Comp. Laws 1915, § 12425, and may be served by any person of suitable age and discretion unless the specific language in 3 Comp. Laws 1915, § 13122, above quoted, is to be construed as a further exception to the inclusive language of 3 Comp. Laws 1915, § 12425.

"When a general intention is expressed, and also a particular intention which is incompatible with the general one, the particular intention shall be considered an exception to the general one." *Attorney General, ex rel. Owen,* v. *Joyce,* 233 Mich. 619; 1

Lewis' Sutherland Statutory Construction, p. 532, § 275; 36 Cyc. p. 1151.

In view of the specific provision applicable to the service of writs of garnishment made by 3 Comp. Laws 1915, § 13122, service of such writs issued out of a court of record in this State may not be made within the county where issued by any person of suitable age and discretion not a sheriff, deputy sheriff, or person deputized to make such service. Judgment is affirmed, with costs.

NORTH, C. J., and FEAD and McDONALD, JJ., concurred with POTTER, J.

WIEST, J. (*for reversal*). Does a statute permitting service of writs of garnishment by any competent person upon nonresidents of the county of suit inhibit service by a competent person upon residents within the county of suit? I think not.

Such a statute does no more than permit of a method of service beyond the county of suit permissible by another statute within the county of suit. The statute permitting service of civil process by any person of suitable age and discretion is not curtailed but amplified by the statute under consideration.

The order in the circuit should be reversed, with costs to plaintiffs.

CLARK and SHARPE, JJ., concurred with WIEST, J. The late Justice FELLOWS took no part in this decision.