POSSELIUS *v.* FIRST NATIONAL BANK—DETROIT.

1. Evidence—Judicial Notice—Banks and Banking.
    It is common knowledge that large portion of assets of any bank consists of debts due it.

2. Statutes—Construction—Intent.
    Primary object of all interpretation or construction of statutes is to ascertain real intention of legislature.

3. Garnishment—Equitable Attachment.
    Process of garnishment is in nature of equitable attachment.

4. Same—National Banks—Attachment—Statutes.
    Where garnishment proceeding was instituted against national bank prior to obtaining final judgment, it was properly quashed; garnishment being species of attachment, and therefore within provisions of Federal statute prohibiting issuing of attachment against national bank before final judgment (12 USCA, § 91; R. S. § 5242).

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted October 3, 1933. (Docket No. 14, Calendar No. 37,324.) Decided December 5, 1933.

Garnishment proceedings by Edward J. Posselius and another, executors of estate of Alphonse D. Posselius, against First National Bank—Detroit, principal defendant, and Ernst Kern Company, garnishee defendant. From order quashing writ, plaintiffs appeal. Affirmed.

*Fred H. Sims* (*McLeod, Fixel, Abbott & Fixel* and *Harry N. Deyo,* of counsel), for plaintiffs.

*Stevenson, Butzel, Eaman & Long* (*Robert S. Marx* and *Rockwell T. Gust,* of counsel), for principal defendant.

NORTH, J. In an assumpsit suit against the principal defendant and before judgment therein, plaintiffs garnisheed the Ernst Kern Company. Both the principal defendant and the garnishee defendant moved to quash the writ of garnishment on the ground that the suit was against a national bank and garnishment proceeding could not be instituted prior to judgment. In so asserting, defendants rely on 12 USCA, § 91 (R. S. § 5242), which in part reads:

"No attachment, injunction, or execution shall be issued against such association or its property before final judgment in any suit, action, or proceeding in any State, county, or municipal court."

The motions to quash were granted. Leave having been obtained, plaintiffs have appealed.

Reference is not expressly made to garnishment proceedings in the above-quoted statute; and appel-

lants contend that since garnishment is not mentioned it is not included within the statutory prohibition. On the other hand, appellees assert, and the circuit judge held, that garnishment is a form of attachment and should be held to be within the purpose and spirit of the quoted statutory provision.

Obviously the purpose of the quoted congressional act is to prohibit the seizing or impounding of assets of national banks by a mesne process before final judgment. It seeks to prevent impairment of a bank's ability to function normally. It is common knowledge that a large portion of the assets of any bank consists of debts due the bank. Doubtless such assets usually exceed the value of a bank's tangible assets which would be subject to attachment. Hence the purpose of the quoted act would not be accomplished should the word "attachment" as used therein be so strictly and narrowly construed as to exclude our writ of garnishment.

"A thing which is within the spirit of a statute is within the statute, although not within the letter; and a thing within the letter is not within the statute, unless within the intention." *Common Council of City of Detroit* v. *Rush,* 82 Mich. 532, 542 (10 L. R. A. 171).

"The intention of the legislature, when discovered, must prevail, any existing rule of construction to the contrary notwithstanding." *Michigan Central R. Co.* v. *State,* 148 Mich. 151.

"But the primary object of all interpretation or construction of statutes is, to ascertain the real intention of the legislature; and no specific or artificial rules of interpretation can be of any value, which do not contribute to this end." *People, ex rel. Whipple,* v. *Judge of Saginaw Circuit,* 26 Mich. 342, 344.

See, also, *Von Hoene* v. *Barber,* 215 Mich. 538.

While there are in our State well-defined distinctions between garnishment and attachment, still each impounds assets of the defendant, which assets in general are held subject to the further order and judgment of the court after final adjudication of the principal case. In our former decisions it has been said:

"The process of garnishment is in the nature of an equitable attachment." *Bethel* v. *Judge of Superior Court,* 57 Mich. 379, 381.

See, also, *J. T. Sinclair Co.* v. *I. T. Becker Coal Co.,* 263 Mich. 617.

It is unnecessary to cite numerous like decisions from other courts. In other jurisdictions process like unto our writ of garnishment is known by other names, such as attachment, trustee process, or factorizing process. See Drake on Attachment (7th Ed.), § 451.

"Garnishment has very properly been defined as an *attachment* by means of which money or property of a debtor in the hands of third parties, which cannot be levied upon, may be subjected to the payment of the creditor's claim." 12 R. C. L. p. 775.

Holding now, as we have formerly held, that garnishment is a species of attachment, or at least in the nature of attachment, it follows that plaintiffs had no more right to proceed in garnishment prior to final judgment than they would have had to institute attachment proceedings. The impropriety of instituting such proceeding in violation of the quoted enactment and the right to have such proceeding dismissed have been determined by the Supreme Court of the United States. *Pacific National Bank* v. *Mixter,* 124 U. S. 721 (8 Sup. Ct. 718); *Van*

*Reed* v. *People's National Bank of Lebanon,* 198 U. S. 554 (25 Sup. Ct. 775, 3 Ann. Cas. 1154). The syllabus in the latter case reads as follows:

"National banks are *quasi*-public institutions, and for the purpose for which they are instituted are national in their character, and, within constitutional limits, are subject to control of Congress, and not to be interfered with by State legislative or judicial action, except so far as Congress permits."

The order and judgment of the circuit court quashing the garnishment proceeding is affirmed, with costs to defendant First National Bank—Detroit.

MCDONALD, C. J., and WEADOCK, POTTER, SHARPE, WIEST, and BUTZEL, JJ., concurred. FEAD, J., did not sit.