BERGER *v.* SCHENLEY DISTILLERS CORP.

1. GARNISHMENT — LIQUOR CONTROL COMMISSION — CORPORATIONS — JUDGMENT.
    The State liquor control commission is a State administrative agency and not a corporate entity subject to garnishment before plaintiff has obtained a judgment against the principal defendant (3 Comp. Laws 1929, § 14902; Act No. 8, Pub. Acts 1933 [1st Ex. Sess.]).

2. JUDGMENT—RES JUDICATA—PARTIES.
    An essential to invocation of rule of *res judicata* is that the former adjudication be between the same parties in interest.

3. GARNISHMENT—DISMISSAL OF WRIT—PARTIES—RES JUDICATA.
    Court's denial of garnishee's motion to dismiss writ of garnishment was not *res judicata* of matter of denial of the writ upon principal defendant's motion where there had been no joinder of garnishee and principal defendants upon first motion.

4. APPEAL AND ERROR—GARNISHMENT—REINSTATEMENT OF PRINCIPAL
    CASE.
    Reinstatement of principal suit is ordered to await service of
      proper process where suit was wrongfully dismissed upon mo-
      tion by specially appearing principal defendants whom plain-
      tiff had sought to reach through garnishment (3 Comp. Laws
      1929, § 14885).

Appeal from Wayne; Moll (Lester S.), J. Sub-
mitted June 5, 1936. (Docket No. 6, Calendar
No. 38,776.) Decided October 5, 1936.

Assumpsit by Sol W. Berger against Schenley
Distillers Corporation, a Delaware corporation, and
others for salary and commission due. Garnishment
proceeding before judgment by plaintiff against
Liquor Control Commission of the State of Michi-
gan, garnishee defendant. Case dismissed. Plaintiff
appeals. Modified and affirmed.

*Thomas B. Moore* and *William C. Frue,* for plain-
tiff.

*Butzel, Eaman, Long, Gust & Bills* (*Charles A.
Wagner* and *A. Hilliard Williams,* of counsel), for
defendants.

WIEST, J. Plaintiff, averring that the several de-
fendant foreign corporations were indebted to him
for services, brought suit in the Wayne circuit under
the provisions of 3 Comp. Laws 1929, § 14885, by
filing a declaration and suing out a writ of garnish-
ment directed to the liquor control commission of the
State. The writ of garnishment was served. The
garnishee appeared specially and moved to quash
the writ on the ground that the commission was not
subject to garnishment. The court denied the mo-
tion. The principal defendants then, under special
appearance, moved to dismiss the writ of garnish-

ment on the grounds that no such writ could precede judgment in the action at bar and the commission, not being a corporation but a mere agency of the State, could not be made a garnishee. The court quashed the writ, held the former denial not *res judicata* and, inasmuch as the principal suit could not be maintained against the foreign corporations without valid garnishment proceedings, dismissed the case.

Plaintiff reviews by appeal, claiming that the liquor control commission is a corporation subject to garnishment.

Act No. 8, Pub. Acts 1933 (1st Ex. Sess.), created a commission, to be known and designated as the liquor control commission of the State of Michigan, provided for an appointive membership, constituted the governor and secretary of State *ex officio* members, with voting power, sanctioned the adoption of a suitable authenticating seal, and at great length defined and prescribed the powers conferred and to be exercised in a public administrative capacity.

May the liquor control commission be served and proceeded against as a garnishee under the following provisions of 3 Comp. Laws 1929, § 14902?

"All corporations of whatsoever nature, the State of Michigan and every county therein, may be served and proceeded against as garnishees in the same manner and with like effect as individuals * * *: Provided, That when a municipal corporation, the State of Michigan, or any county therein, is proceeded against as provided for in this chapter, judgment shall have been obtained in a court of competent jurisdiction by the plaintiff against the principal defendant before garnishment proceedings shall be commenced against such municipal corporation, the State of Michigan or any county therein."

Plaintiff has no judgment against any defendant but seeks by the garnishment proceeding to submit the foreign defendants to the jurisdiction of the court under the provisions of 3 Comp. Laws 1929, § 14885.

The liquor control commission is a State administrative agency, and not a corporate entity of any nature whatsoever within the sense of the mentioned statute and, therefore, cannot be served and proceeded against as a garnishee.

The court was in error in not quashing the writ on the motion of the garnishee, and right in quashing the writ on special appearance and motion of defendants, unless barred from doing so under the *res judicata* rule.

One essential to invocation of the rule is that the former adjudication be between the same parties in interest. The garnishee and principal defendants were not the same in interest, and action by the garnishee not in joinder with the defendants cannot preclude the defendant from taking protective action. *Hiles v. The Selas Co.*, 219 Mich. 88. The court should not have dismissed the principal suit but have left it pending awaiting service of proper process. The suit is reinstated for such purpose.

With this modification the judgment is affirmed, with costs to defendants.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, SHARPE, and TOY, JJ., concurred. POTTER, J., did not sit.