**ZUKAITIS et al. v. FITZGERALD, Governor et al.**

**JOS. SCHLITZ BREWING CO. v. SAME.**

**Nos. 2771, 2772.**

District Court, W. D. Michigan, S. D.

Dec. 15, 1936.

Rehearing Denied Jan. 25, 1937.

Knappen, Uhl, Bryant & Snow, of Grand Rapids, Mich., and M. J. Donnelly, of Chicago, Ill., for plaintiffs.

David H. Crowley, former Atty. Gen., of the State of Michigan, and Raymond W. Starr, Atty. Gen., for defendants.

Before SIMONS, Circuit Judge, and LEDERLE and RAYMOND, District Judges.

## RAYMOND, District Judge.

Plaintiffs in the above-entitled suits seek permanent injunctions restraining defendants from enforcing section 40 of the Michigan Liquor Control Act (Pub.Acts 1933, Ex.Sess., No. 8) and from enforcing certain regulations adopted by the Michigan Liquor Control Commission. They allege that the statute and regulations complained of, in whole or in part, violate various federal and state constitutional provisions and that some of the regulations exceed the powers granted to the commission by the State Constitution and by the Legis-

lature. In addition, the Jos. Schlitz Brewing Company objects upon constitutional grounds to a regulation of the commission adopted April 15, 1936, requiring all outstate breweries to have a seller's license; challenges the validity of the order of the commission imposing upon the company a $2,000 fine; and prays injunction against its collection.

In support of the validity of the statutory provision and of the commission's regulations and actions, defendants rely upon the commission's construction of the Twenty-First Amendment to the Federal Constitution, and the Webb-Kenyon Act; and upon its construction of article 16, § 11, of the Michigan State Constitution, as amended November 8, 1932.[1]

They contend that beer or other alcoholic liquor when shipped into Michigan contrary to its laws is not an article of interstate commerce and therefore is not protected by article 1, § 8 (the Commerce Clause), of the Federal Constitution. They urge that the effect of the Webb-Kenyon Act (27 U.S.C. § 122 [27 U.S.C.A. § 122]) and of the Twenty-First Amendment was to divest intoxicating liquors of interstate character, and that a state may now regulate the transportation or importation into the state of any and all intoxicating liquors, including beer, for use, storage, or sale. They contend that by section 11 of article 16 of the State Constitution the Liquor Control Commission was granted absolute authority to adopt any and all rules and regulations it thought wise and best, and to regulate and control the importation, transportation, sale, and distribution of alcoholic beverages, except as prohibited or limited by legislative act. They assert the commission's complete authority over the alcoholic beverage traffic in Michigan except where limited or prohibited by statute, claiming that body to be not only an administrative but a legislative body as well, clothed also with power to levy and enforce fines for nonobservance of its regulations. Defendants state in their brief concerning the commission, "It is given full authority to pass such rules and regulations as it may deem neces-

<hr />

[1] Section 11, article 16, Michigan State Constitution:

"*Regulation of alcoholic beverage traffic.*—The legislature may by law establish a liquor control commission, who, subject to statutory limitations, shall exercise complete control of the alcoholic beverage traffic within this state, including the retail sales thereof; and the legislature may also provide for an excise tax on such sales: Providing, however, that neither the legislature nor such commission may authorize the manufacture or sale of alcoholic beverages in any county in which the electors thereof, by a majority vote, shall prohibit the same." (As amended Nov. 8, 1932.)

1004

sary and proper to control the alcoholic beverage traffic."

The evidence clearly discloses transactions involving interstate commerce and that the plaintiffs' property rights are such as to give them the right to question the validity of the statute and regulations.

In support of their contentions that the statute and regulations complained of violate the Federal Constitution, plaintiffs rely upon Joseph Triner Corporation v. Arundel (D.C.) 11 F.Supp. 145, Young's Market Co. v. State Board of Equalization (D.C.) 12 F.Supp. 140, and Pacific Fruit & Produce Company v. Martin et al., 16 F.Supp. 34, decided February 28, 1936 (U.S.District Court, Western District of Washington).

It is apparent that the statute and regulations complained of impose discriminatory burdens upon out-state liquor, but we are not convinced that such discriminations are so wholly unrelated to the powers now returned to the states by the Twenty-First Amendment to regulate or forbid the importation of liquors into Michigan that we can say, with that clearness which is imperative that such rules and regulations are unconstitutional. This view is confirmed by the decision of the United States Supreme Court, in the case of State Board of Equalization of California et al. v. Young's Market Company et al. (November 9, 1936) 299 U.S. 59, 57 S.Ct. 77, 81 L.Ed. ——. In that case, a construction was placed upon the Twenty-First Amendment which clearly recognizes the right of the states to forbid entirely transportation and importation of liquor, to impose heavy importation fees and to exact importers' license fees. The Supreme Court in that case refused to construe the amendment in such manner as to limit these rights to those states which prohibit manufacture and sale of liquor within their borders. It also declined to hold that a state is limited in the manner of regulating importations to such restrictions as are intended for the purpose of protecting public health, safety, or morals. It recognized that regulations permitted by the Twenty-First Amendment could not be deemed forbidden by the Fourteenth Amendment. Therefore, plaintiffs' contentions of invalidity of the Michigan statute and regulations complained of, so far as they are based upon the Federal Constitution, cannot be sustained.

We do not, however, find ourselves in accord with defendants' contentions that section 11 of article 16 of the Michigan Constitution vests the Michigan Liquor Control Commission with complete authority over the alcoholic beverage traffic except where expressly limited by statute. The commission is, in fact, exercising legislative, executive, and judicial powers. Such exercise of power contravenes the fundamental theory of our Republican form of government. It is well recognized that in construing a constitutional provision the court should have recourse to the whole instrument, if necessary, to ascertain the true intent and meaning thereof. One of the chief merits of the American system of written Constitutions is the separation of the powers of government. Concentration of power in the hands of one person or class is regarded as a condition subversive of the Constitution. See Kilbourn v. Thompson, 103 U.S. 168, 26 L.Ed. 377, and Sinking-Fund Cases, 99 U.S. 700, 25 L.Ed. 496. Article 4 of the Michigan Constitution provides for the division of the state government into three departments, and provides that no person belonging to one department shall exercise the powers properly belonging to another except in cases expressly provided in the Constitution. We do not find in section 11 of article 16 sufficient evidence of intent to make exceptions in the case of the Liquor Control Commission to sustain its claim of right to exercise unrestricted legislative, executive, and judicial powers. The Michigan Liquor Control Act is not predicated on such a conception. It discloses the intent of the Legislature to provide therein and in detail for the control of the alcoholic liquor traffic; for licensing, taxation, limitation of profits, discounts, and penalties, the enforcement thereof, and the circumstances in which sales shall be for cash only. On the contrary, section 11 of article 16 of the State Constitution apparently leaves within the discretion of the Legislature whether a Liquor Control Commission shall be created, and makes such commission a creature of the Legislature and subject to limitations thereby. This view seems to accord with the opinion of the Supreme Court of Michigan in the case of Dave's Place, Inc., v. Liquor Control Commission, 277 Mich. 551, 269 N.W. 594, decided November 9, 1936.

Whatever may be the commission's power as a state administrative agency (see Berger v. Schenley Distillers Corporation, 277 Mich. 159, 166, 269 N.W. 128) to regu-

late modes of procedure within the terms of the act, the imposition and collection of a fine of $2,000, and in event of nonpayment thereof, denial of entry of goods of the one fined, are not within its powers. The maximum fine provided by the Legislature for violation of regulations is $500. Likewise, the express provision in section 16 of the Liquor Control Act that "every sale of alcoholic liquor made in state liquor stores and by specially designated distributors shall be for cash only," impliedly recognizes extension of credit in other relationships. The Legislature has expressed its will upon this subject. This renders void the commission's regulation prohibiting credit by a manufacturer to a wholesaler. Courts have frequently recognized limitations upon the powers of boards, commissions, and administrative officers to make rules and regulations which take from, or change statutory provisions. See United States v. Standard Brewery, 251 U.S. 210, 40 S.Ct. 139, 64 L.Ed. 229; United States v. George, 228 U.S. 14, 33 S.Ct. 412, 57 L.Ed. 712; and Fidelity & Deposit Co. of Maryland v. United States (C.C.A.) 55 F.(2d) 100. Within these principles, neither the fine of $2,000 nor the prohibition of credit by a manufacturer to a wholesaler can be sustained.

Concerning the regulations which require that out-state breweries be licensed with a seller's contract and that wholesalers shall be limited in the number of breweries represented, it is to be observed that paragraph 2 of section 1 of the Michigan Liquor Control Act provides that, "Except as by this act otherwise provided, the commission shall have the sole right, power and duty to control the alcoholic beverage traffic and traffic in other alcoholic liquor within the state of Michigan, including the manufacture, importation, possession, transportation and sale thereof."

Under this section, the Liquor Control Commission is vested with the discretion to promulgate rules and regulations not subversive of or contrary to the statutory provisions. Analysis of the statute results in the belief that the Legislature has not, directly or indirectly, indicated a purpose to legislate upon the subject-matter of these regulations, and that by the broad language of the paragraph above quoted it has left control of these matters to regulations of the commission.

The judgment of the court is that neither the commerce clause nor the equal protection clause of the Federal Constitution is violated by the statute or regulations complained of; that the regulations of April 15, 1936, are not in excess of the powers of the commission; that the regulations of July 24, 1936, limiting wholesalers to the products of one out-state brewery and two Michigan breweries are not in excess of the powers of the commission; that the acts of the commission in fining plaintiff in case No. 2772 $2,000 and in denying admission of its beer to the state because of nonpayment thereof, and the regulation of July 24, 1936, which prohibits the extension of credit by a manufacturer to a wholesaler are in excess of the powers of the commission and are therefore void.

Decrees may be presented for signature in conformity herewith.