## BURR *v*. HEFFNER.

1. Garnishment—Civil Process.
   A writ of garnishment is a civil process at law in the nature of an equitable attachment.

2. Same—Test of Garnishee's Liability.
   The usual test as to the liability of a garnishee is whether the principal defendant could have maintained an action against the garnishee to recover the property in question.

3. Words and Phrases—Sue.
   The word ''sue'' is defined as meaning to commence or to continue legal proceedings for the recovery of a right.

4. COURTS—FEDERAL HOUSING ADMINISTRATOR AMENABLE TO GARNISHMENT IN STATE COURT.

   Under statute creating Federal housing administration and authorizing administrator in his official capacity to sue and be sued, without any limitation upon the permissive language, in any court of competent jurisdiction, State or Federal, administrator was subject to garnishment in a State court (12 USCA, § 1702).

Appeal from Wayne; Gilbert (Parm C.), J., presiding. Submitted April 11, 1939. (Docket No. 71, Calendar No. 40,323.) Decided June 5, 1939. Affirmed on certiorari by Supreme Court of United States, February 12, 1940.

Garnishment proceeding by Ruth Burr, doing business as Secretarial Service Bureau, against one Heffner and George Brooks, doing business as Heffner & Brooks, principal defendant, and Federal Housing Administration, Region No. 4, State Director Raymond Foley, garnishee defendant. From judgment for plaintiff against garnishee defendant, latter appeals. Affirmed.

*Seaborg & Rice,* for plaintiff.

*John C. Lehr,* United States Attorney for Eastern District of Michigan, *J. Thomas Smith* and *Kenneth D. Wilkins,* Assistants United States Attorney General, and *Maurice W. Hibschman,* special assistant to Attorney General, for garnishee defendant.

BUSHNELL, J. This is an appeal from a judgment entered against a garnishee defendant in the sum of $71.11. Leave to appeal was granted because of the importance of the question involved, namely: Is the Federal housing administration, a governmental agency, subject to being sued as garnishee defendant through its State director? Appellant says this cannot be done in the absence of specific statutory consent.

Plaintiff held an unsatisfied judgment against one Heffner and George Brooks, doing business as Heffner & Brooks. This judgment was obtained on November 5, 1930. The writ of garnishment was served on March 5, 1938. On March 7, 1938, an appearance was entered for the garnishee defendant by the United States attorney for the eastern district of Michigan. The answer and disclosure filed on March 31, 1938, stated that defendant Brooks was no longer connected with the Federal housing administration, he having died on March 8, 1938, and that there was due and owing to him by the garnishee defendant the sum of $71.11. No question is raised in this appeal as to whether or not the entire sum was garnishable, whether or not the money represented wages due Brooks, or the effect of his death.

The Federal housing administration was created by congressional enactment. See 12 USCA, § 1701 *et seq.* The statute provides that—

"The administrator shall, in carrying out the provisions of this title and titles II and III, be authorized, in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal." 49 Stat. at L. 722 (12 USCA, § 1702).

In the recent case of *Keifer & Keifer v. Reconstruction Finance Corporation,* 306 U. S. 387 (59 Sup. Ct. 516), decided February 27, 1939, the court called attention to the use of independent corporate facilities for governmental ends and said that:

"In spawning these corporations during the past two decades, Congress has uniformly included amenability to law. Congress has provided for not less than 40 of such corporations discharging governmental functions, and without exception the authority to-sue-and-be-sued was included."

The footnote appearing at this point in the court's opinion contains a list of those referred to, including

the "Federal housing administrator (August 23, 1935) 49 Stat. at L. 684, 722, chap. 614, 12 USCA, § 1702."

Does the phrase "sue-and-be-sued" include a writ of garnishment?

· A writ of garnishment is a civil process at law, *Webster* v. *Bennett,* 247 Mich. 616, in the nature of an equitable attachment, *Posselius* v. *First National Bank-Detroit,* 264 Mich. 687 (90 A. L. R. 342). See, also, *German American Ins. Co.* v. *Chippewa Circuit Judge,* 105 Mich. 566. The usual test as to the liability of a garnishee is whether the principal defendant could have maintained an action against the garnishee to recover the property in question. *J. O. Nessen Lumber Co.* v. *Ray H. Bennett Lumber Co.,* 223 Mich. 349. The word "sue" is defined in Bouvier's Law Dictionary (Rawles 3d Rev.) (8th Ed.), p. 3176, as meaning "to commence or to continue legal proceedings for the recovery of a right." See *Porto Rico* v. *Rosaly y Castillo,* 227 U. S. 270 (33 Sup. Ct. 352).

*Buchanan* v. *Alexander,* 4 How. (45 U. S.) 20, holds that money in the hands of a governmental officer cannot be reached by a writ of garnishment, but the question of waiver of immunity is not considered in the *Buchanan* opinion. Although the question of garnishment was not before the court in *Keifer & Keifer* v. *Reconstruction Finance Corp., supra,* and waiver of immunity was not expressly stated as to the Regional Agricultural Credit Corporation directly involved and which the Reconstruction Finance Corporation was authorized to create, there seems to remain little doubt from the reasoning of the opinion of the court that, if "congress has embarked upon a general policy of consent for suits against the government sounding in tort

even where there is no element of contract," it should follow that, where express consent is given in the Federal act to "sue and be sued" without any limitation upon the permissive language, this provision for suits against the administrator "in any court of competent jurisdiction, State or Federal," must have contemplated the provisions of the law in the several States, including that of Michigan, where it is settled that a writ of garnishment is a civil process.

In *Federal Land Bank of St. Louis* v. *Priddy,* 295 U. S. 229 (55 Sup. Ct. 705), it was held that, although the bank is a governmental instrumentality and subject to suit and judicial process only as Congress may determine, a suit begun by attachment against real estate owned by the bank would not be vacated because of governmental immunity. The statute involved in the case was section 4 of the Federal farm loan act (12 USCA, § 676), which provides that Federal Land Banks "shall have power * * * to sue and be sued, complain, interplead, and defend, in any court of law and equity as fully as natural persons." The additional language of the Federal Farm Loan Act does not amplify the waiver of immunity. No reported cases are available with respect to writs of garnishments issued against the Federal housing administration, but there are cases involving garnishments against the Home Owners' Loan Corporation. One is *Home Owners' Loan Corporation* v. *Hardie & Caudle,* 171 Tenn. 43 (100 S. W. [2d] 238, 108 A. L. R. 702), in which the supreme court of Tennessee held that the corporation was not subject to garnishment. Another is that of *Central Market, Inc.,* v. *King,* 132 Neb. 380 (272 N. W. 244), in which the supreme court of Nebraska considered the Tennessee opinion and,

nevertheless, held that the Home Owners' Loan Corporation was subject to garnishment.

The strength of the Nebraska opinion, which turned upon the question of whether or not the Reconstruction Finance Corporation was engaged in a governmental function, may be questioned in the light of the recent case of *Graves* v. *People of the State of New York, ex rel. O'Keefe,* 306 U. S. 466 (59 Sup. Ct. 595, 120 A. L. R. 1466). We agree with the result reached by the Nebraska court. However, we do not plant decision upon this question but rather upon the waiver of immunity expressed in the words ''sue and be sued.''

Appellant quotes the following from *Berger* v. *Schenley Distillers Corp.,* 277 Mich. 159, in support of the argument that in Michigan a State administrative agency is not subject to garnishment.

''The liquor control commission is a State administrative agency, and not a corporate entity of any nature whatsoever within the sense of the mentioned statute (3 Comp. Laws 1929, § 14885 [Stat. Ann. § 27.1883]) and, therefore, cannot be served and proceeded against as a garnishee.''

The argument advanced is a distortion of the quoted language of the opinion, because the statute sets up the procedure to be followed where the principal defendant is a nonresident. The meaning of the quoted language is that the State administrative agency does not come within the provisions of the mentioned statute, and that is all.

Appellant urges the controlling value of *McCarthy* v. *U. S. Shipping Board Merchant Fleet Corporation,* 60 App. D. C. 311 (53 Fed. [2d] 923). That case was based on the merchant marine act of 1920, 41 Stat. at L. 988 (46 USCA, § 861 *et seq.*), which

does not contain the broad waiver of immunity found in the Federal housing act.

The authority to ''sue and be sued'' must necessarily include garnishment, and the judgment entered below against the Federal housing administration, garnishee defendant, should be affirmed. It is so ordered, with costs to appellee.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.