UNITED STATES v. WINKLE TERRA
COTTA, Inc., et al.
No. 11547.

Circuit Court of Appeals, Eighth Circuit.
April 8, 1940.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo. (Francis M. Shea, Asst. Atty. Gen., Maurice W. Hibschman, Atty., Department of Justice, and Enoch E. Ellison, Atty., Department of Justice, both of Washington, D. C., Russell Vandivort, Asst. U. S. Atty., of St. Louis, Mo., and Sidney J. Kaplan, Sp. Asst. to the Atty. Gen., on the brief), for appellant.

Gus O. Nations, of St. Louis, Mo. (Herbert W. Ziercher, of Clayton, Mo., on the brief), for appellees.

Before STONE, GARDNER, and WOODROUGH, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from a judgment entered July 15, 1939, which in effect dismissed a bill of complaint by which the United States sought to enjoin proceedings in an action in garnishment in a state court for failure to state a cause of action upon which relief could be granted. Winkle Terra Cotta, Inc., a corporation, James J. Fitzsimmons, as sheriff of the City of St. Louis, Missouri, and A. J. Frank, as sheriff of St. Louis County, Missouri, were named as defendants.

It appears from the allegations of the bill of complaint that on July 2nd, 1937, Winkle Terra Cotta, Inc., obtained a judgment against one George D. Barnett in the Circuit Court of St. Louis County, Missouri, in the sum of $2,663.34 and interest. Barnett was an employee of Federal Housing Administration. Thereafter, pursuant to the procedure prescribed by the laws of Missouri, the Federal Housing Administration was summoned as garnishee in aid of execution. The sheriff's return on the garnishee summons recited that the summons had been delivered to the Director in Charge of the Housing Administration at St. Louis, Missouri. The summons so served required the garnishee to appear at the return term to answer under oath such interrogatories as might be exhibited and propounded on the part of the plaintiff touching the garnishee's indebtedness to the defendant. It contained recital that, "I do further declare to you that I do attach in your hands all goods, chattels, moneys or evidences of debt, which you may have belonging to the said defendant, and I do summon you as garnishee to answer therefor. And further, I do attach in your hands all debts due to said defendant, or so much thereof, as shall be sufficient to satisfy the debt, interest and costs in the above entitled cause."

Thereafter, the United States Attorney appeared specially in said proceeding for the sole purpose of petitioning for an order removing the proceeding to the United States District Court, for the Eastern District of Missouri. This petition was denied by the state court. At the same time, the Federal Housing Administration appeared specially and moved to quash the summons directed to it as garnishee and the return of the officer thereon. This motion was thereafter denied. An unsuccessful motion was interposed to dismiss the garnishment proceedings. The Federal Housing Administration did not enter a general appearance in the garnishment proceedings, and in due time upon regular procedure judgment was entered against it as garnishee. Thereafter, the United States, through its District Attorney, applied for leave to appeal from the judgment in garnishment, but its application was denied on the ground that it was not a party to but was a stranger to the record.

It is alleged that the Federal Housing Administrator had, pursuant to authority, acquired title to real property and in the due execution of his office conveys title to purchasers thereof; that such titles are held in behalf of the United States; that the defendants threaten to levy execution on the real property so held and on certain personal property held by the Federal Housing Administration for and in behalf of the United States to satisfy the judgment against the Federal Housing Administration, and that Winkle Terra Cotta, Inc., claims to have some right, title or interest to said property by reason of its judgment, claiming that the judgment constitutes a lien upon the real property so held and that by reason of this fact the judgment is a cloud on the title to the property, and the Federal Housing Administrator is unable to perform his duties, in that he is unable to sell the property because of the lien asserted by Winkle Terra Cotta, Inc. It was alleged that the state court was wholly without jurisdiction to enter judgment in the garnishment-

proceedings, and that the judgment was therefore void.

The defendants filed separate answers setting up certain defenses at law in the nature of a demurrer and also defenses of fact. On hearing, preliminary to trial on the merits, the court sustained the legal defenses, holding that "upon the allegations and statements of fact contained in plaintiff's complaint herein the plaintiff is not entitled to the relief prayed for in said complaint or to any equitable relief in this action." The plaintiff declining further to amend its complaint or further to plead, the court on July 15, 1939, entered judgment that plaintiff take nothing by its bill of complaint, from which judgment this appeal is prosecuted.

As originally briefed and argued, the appellant contended in support of the sufficiency of its complaint: (1) that the state court proceeding was in effect an attempted suit against the United States and its property; (2) that any judgment obtained in a suit against the United States or its property without its consent is void; (3) that the United States had not consented to be sued in the state court; therefore, the judgment was void; (4) that the threatened enforcement of such void judgment constitutes a valid cause of action within the jurisdiction of the district court, and such enforcement should be enjoined. Counsel for appellant in their supplemental brief now state that on the basis of the opinion in Federal Housing Administration, Region No. 4, State Director Raymond Foley, Petitioner v. Ruth Burr, 60 S.Ct. 488, 84 L.Ed. ——, decided by the Supreme Court on February 12, 1940, being opinion No. 354, they now abandon the contentions (1) that the judgment of the Circuit Court of St. Louis County was void and (2) that no execution whatsoever was allowable to enforce the judgment of the Circuit Court of St. Louis County. They contend, however, that (1) only certain funds are subject to execution and all other funds and property are immune from execution under the Constitution of the United States; (2) that the particular property and funds upon which appellees have executed and threatened to execute are not subject to execution, and to allow such execution would be to allow proceedings against the United States where it has not waived its immunity.

The Supreme Court in Federal Housing Administration, etc., v. Burr, supra, affirmed the decision of the Supreme Court of Michigan in Burr v. Heffner, 289 Mich. 91, 286 N.W. 169, holding that the Federal Housing Administration was subject to garnishment for money due to an employee. In view of the decision in the Burr case, it must be conceded that there was not only a valid judgment in favor of Winkle Terra Cotta, Inc., against Barnett, but there was also a valid judgment in garnishment entered against Federal Housing Administration. We are not here concerned with any proceedings taken or orders entered subsequent to the entry of the judgment appealed from. An appeal from the judgment did not bring before us for review any proceeding had subsequent to its entry. The judgment in garnishment is valid and has not been appealed from. Its correctness can not be reviewed in this suit, and the rights of the parties thereunder are both limited and determined thereby.

The Federal Housing Administration can not claim immunity from process so far as it is concerned. The United States was not a party to the state action and it is not bound by the judgment entered. The judgment entered against the garnishee was not a judgment against the government and does not entitle plaintiff therein to subject funds or property of the United States to the satisfaction of its judgment.

It is now urged by appellant that under the rule announced in Federal Housing Administration v. Burr, supra, the funds and property sought to be subjected to the payment of the Winkle Terra Cotta, Inc., judgment are immune because not such as have been paid over to the Federal Housing Administration in accordance with Section 1 of the Housing Administration Act, 12 U.S.C.A. § 1702, and which are in its possession severed from treasury funds. The pleadings present no such issue. That was not the ground upon which plaintiff sought injunction in the lower court. It was there claimed, and has been consistently urged here, until the decision of the Supreme Court in Federal Housing Administration v. Burr, supra, that the Federal Housing Administration was an integral part of the United States Government and merely a federal agency and instrumentality, not an entity separate and apart from the United States but a branch or department thereof. It was upon this allegation that it was urged not only in

the court below, but in the state court, that the state court acquired no jurisdiction to enter the judgment in garnishment, and it was upon this ground that it was alleged that "said garnishment proceedings were in effect against the United States, of which said proceedings said Circuit Court of the County of St. Louis, State of Missouri, had no jurisdiction." The entire contention of the plaintiff was bottomed on the want of jurisdiction of the state court in the garnishment proceedings, for the reason that the Federal Housing Administration was merely a branch of the Government. The issue now urged was clearly not presented to nor determined by the lower court. This is a court of appellate jurisdiction, and we are without authority, on the record before us, to determine this question, even though the parties consent thereto. It is true that, in certain exceptional circumstances, pleadings may be amended or deemed amended even in the appellate court, to conform to the proof for the purpose of sustaining the judgment, but this will not be allowed where such amendment would bring about the reversal of a judgment otherwise correct.

■ If and when the question as to whether the funds or property sought to be subjected to the payment of appellees' judgment belongs to the United States is presented, whether in the lower court or the state court, we must assume that the funds or property of the United States will not be held responsible. The judgment appealed from is therefore affirmed.