**JOY et al. v. HAGUE et al.**

No. 4414.

United States Court of Appeals First Circuit.

Heard May 3, 1949.

Decided June 28, 1949.

Claude L. Dawson, Washington, D. C. (Joseph F. Dolan, Boston, Mass., on the brief), for appellants.

Eugene T. Maher, Attorney, Department of Justice, Washington, D. C. (H. G. Morison, Assistant Attorney General, George F. Garrity, U. S. Attorney, Boston, Mass., Edward H. Hickey, Special Assistant to the Attorney General, and Harry Bergson, Jr., Assistant U. S. Attorney, Boston, Mass., with him on brief), for appellees.

Before MAGRUDER, Chief Judge, WOODBURY, Circuit Judge, and LINDLEY (by special assignment), District Judge.

LINDLEY, District Judge.

Following the decision of this court on the first appeal, 168 F.2d 825, when the cause was remanded with directions to the District Court to rule upon grounds advanced by defendants in support of their motion to dismiss other than those involved at that time, including the averment of lack of jurisdiction, the trial court, on December 17, 1948, filed a memorandum wherein it held that, inasmuch as the complaint contained no averment that, as to each of the plaintiffs, the amount in controversy exceeded $3000 exclusive of interest and costs, the court was without jurisdiction, and granted to each permission to make a showing that his claim did involve such an amount, on or before December 21, 1948. Later, on January 4, 1949, the court, after finding that plaintiffs had made no amendment and no showing of the

amount involved, entered an order dismissing the suit for want of jurisdiction, on the authority of Insular Police Commission, v. Lopez, 1 Cir., 160 F.2d 673. This appeal followed.

Plaintiffs, appellants, urge that the court erred in sustaining the motion to dismiss for want of jurisdiction and have filed in this court, pursuant to Title 28 U.S.C.A. § 1653, a motion for leave to file an amended complaint setting forth that each appellant had an interest in the matter in controversy exceeding in value $3000 exclusive of interest and costs, at the time the suit was brought. The motion was supported by affidavits setting forth allegations of fact claimed to be sufficient to warrant a finding of the existence of the requisite jurisdictional amount. Appellees contended that the district court rightfully concluded that it had no jurisdiction; and opposed the motion to amend, asserting that, contrary to the aforesaid affidavits, the factual basis for a finding of jurisdictional amount is lacking. If appellants had accepted the invitation of the district judge to supply the missing allegation of jurisdictional amount, this disputed issue of jurisdictional fact could have been tried in the district court. Appellees also urge that the judgment of dismissal should be affirmed for other valid reasons which, in view of our conclusion, we find it unnecessary to consider.

■ The function of the trial court in matters involving jurisdiction is rather carefully defined in McNutt, Governor of Indiana, et al. v. General Motors Acceptance Corp., 298 U.S. 178 at page 182, 56 S.Ct. 780, 785, 80 L.Ed. 1135, where the court, after declaring that it is the duty of the trial court, if it finds that jurisdiction does not exist, to proceed no further but to dismiss the suit, said: " * * * the party who seeks the exercise of jurisdiction in his favor * * * must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing. If he does make them, an inquiry into the existence of jurisdiction is obviously for the purpose of determining whether the facts support his allegations. In the nature of

things, the authorized inquiry is primarily directed to the one who claims that the power of the court should be exerted in his behalf. As he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court. * * * If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof."

■ Though appellants complain that the lower court erred in its conclusion that it had no jurisdiction, on the face of the record, the decision was correct,—indeed, unavoidable and mandatory upon the part of the court. Insular Police Commission v. Lopez, 1 Cir., 160 F.2d 673. Appellants now seek to have us declare this correct judgment erroneous, not because of anything the trial court did, but because of something which they now seek to inject into the record and which was never before that court. There is no error in the record; if error is to appear it will have arisen after the cause has left the trial tribunal because we allow appellants to make a record of facts which they refused to make in the trial court. In other words, appellants, having refused to amend as the District Court invited them to do, thereby knowingly acquiescing in the proposed action of the court and tacitly consenting that it might enter the only order proper on the face of the record, come to this court asking leave to do what they failed to do below and attempt to create an error upon the part of the trial court because of matter never before that court.

We are satisfied that under the circumstances of this case, as above indicated, this is not an appropriate case for the exercise of our power as an appellate court, under 28 U.S.C.A. § 1653, to allow amendment of defective allegations of jurisdiction. In Keene Lumber Co. v. Leventhal, 1 Cir., 1948, 165 F.2d 815, we were faced with quite a different situation. There, federal jurisdiction had been invoked on the basis of diversity of citizenship, but the allegations of the complaint did not sufficiently show the existence of such diversity, nor did the fact of such diversity appear else-

where in the record. However, the jurisdictional point was not raised in the district court, which took jurisdiction and gave judgment on the merits. The case was also argued on the merits on appeal. We took note of the jurisdictional defect, and allowed an amendment, under the curative provision of 28 U.S.C.A. § 399, now embraced in the broader language of the recent revision of the Judicial Code, 28 U.S.C.A. § 1653, so that the record might show the facts, which were undisputed, as to the diverse citizenship of the parties. Thus we were enabled to give judgment on the merits, as the district court had done.*

The motion to amend the complaint is denied. The order of the District Court dismissing the complaint for lack of jurisdiction is affirmed.

---

* Compare United States v. Winkle Terra Cotta, Inc., 8 Cir., 110 F.2d 919, where the court expressly held: that though pleadings may be amended in the appellate court to conform to the proof for the purpose of sustaining the judgment, such an amendment will not be allowed where it would bring about reversal of a judgment otherwise correct.