875 F.2d 864
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sharon F. GRAY, Guardian of Estates of Ernst Gray and
Carissa Gray, Minors; Sharon F. Gray, Plaintiffs-Appellants,
v.
The CINCINNATI GAS & ELECTRIC COMPANY, INC., and C.F.
Industries, Defendants-Appellees.
 No. 88-3640.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1989.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and ODELL HORTON, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff, Sharon F. Gray appeals the district court's dismissal of her complaint, arguing that the court should have granted her leave to amend before entering its order of dismissal. We are convinced that on this record the district court did not abuse its discretion, and we affirm.
 
 I.
 
 2
 The plaintiffs filed their complaint in United States District Court on February 18, 1988, seeking damages for the alleged wrongful death of their father, who died on February 17, 1986. They sought to predicate federal subject matter jurisdiction on diversity, but alleged only that they were residents of Indiana and that the defendants did business in Ohio.
 
 
 3
 On April 13, 1988, defendant Cincinnati Gas & Electric Company moved to dismiss the complaint because the facts set forth in it were insufficient to establish diversity of citizenship: therefore, defendants argued, the district court lacked subject matter jurisdiction. Defendant C.F. Industries filed a similar motion on the following day.
 
 
 4
 Rule 402 of the United States District Court for the Southern District of Ohio gave the plaintiffs twenty days in which to file papers in opposition to the defendants' motions. They filed nothing. On May 18, 1988, well beyond the twenty day deadline, the district court directed the plaintiffs to show cause, in writing, and within ten days, why the court should not grant the defendants' motion to dismiss for failure to respond. Again, the plaintiffs filed nothing. The district court dismissed the claim on June 8, 1988.
 
 
 5
 Five days following the entry of the dismissal order, the plaintiffs filed a Motion for Enlargement of Time to Respond to Defendants' Motions to Dismiss. The court denied that motion. Plaintiffs appeal.
 
 II.
 
 6
 On appeal appellants assert that the district court abused its discretion when it dismissed their complaint without granting them leave to amend it because 28 U.S.C. Sec. 1653 and relevant case law provide for liberal leave to amend defective pleadings. We agree with appellants that in most cases district courts should provide plaintiffs the opportunity to amend pleadings. For two reasons, however, we do not agree that this is such a case.
 
 
 7
 First, appellants never requested leave to amend in the district court. Indeed the only response to defendants' motions to dismiss they ever filed came after the claim was dismissed and that document only requested an extension of time in which to respond to the defendants' motions. The district court authority to which appellants refer fails to support their argument that this court should, as an initial matter, entertain a request for leave to amend; rather, circuit court authority indicates that any "right" to amend in the trial court can be lost through misconduct or waived through failure properly to request for leave to amend. See e.g., McGovern v. American Airlines, Inc., 511 F.2d 653, 654 (5th Cir.1975); Joy v. Hague, 175 F.2d 395, 396 (1st Cir.1949).
 
 
 8
 Second, even if this court were inclined to grant leave to amend, which it is not, amendment of the complaint would not result in reinstatement of the plaintiffs' claim. The district court did not dismiss the complaint solely because it agreed with the defendants' argument that the complaint was defective; rather, it dismissed the action also because the plaintiffs twice failed to respond, thereby violating both a court rule and a court order. District courts have discretion to dismiss for noncompliance with local court rules and orders. Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962); Mayle v. The Ohio Power Co., Slip Op. No. 87-3582 (6th Cir.1988). Plaintiffs' counsel's assertion that he was too busy to respond timely fails to support a finding of abuse of that discretion.
 
 
 9
 AFFIRM.
 
 
 
 *
 The Honorable Odell Horton, Chief Judge United States District Court for the Western District of Tennessee, sitting by designation